# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES WHITNEY, | ) |
| Plaintiff, | ) Civil Action No. 2: 12-cv-01623 |
| v. | ) Chief United States District Judge |
| | ) Joy Flowers Conti |
| JOHN E. WETZEL, et al., | ) |
| | ) United States Magistrate Judge |
| Defendants. | ) Cynthia Reed Eddy |

## MEMORANDUM OPINION

Conti, C.J.

This prisoner civil rights suit was commenced on November 6, 2012, with the filing of a petition to proceed *in forma pauperis* and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The magistrate judge's Report and Recommendation, dated August 21, 2013 (ECF No. 37) recommended that Defendants' Motion to Dismiss (ECF No. 29) be granted in part and denied in part. A copy of the Report and Recommendation was sent to plaintiff Charles Whitney ("Plaintiff") by First Class United States Mail at his listed address. Plaintiff filed timely objections to the Report and Recommendation (ECF No. 38). The matter is now ripe for disposition. For the reasons set forth below, the Report and Recommendation will be adopted, and the motion to dismiss will be granted in part and denied part.

When objections to a report and recommendation have been filed, under 28 U.S.C. § 636(b)(1), the court must make a *de novo* determination of those portions of the report to which objections are made. *See Sample v. Diecks,* 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed.R.Civ.P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

Plaintiff objects to the magistrate judge's recommendation that Defendants Wetzel, House, Switzer, Linderman, and Oppman should be dismissed from the complaint. Plaintiff contends that his complaint is raised against these official defendants on the basis they each had personal knowledge "through the grievance" and that they could have "put a stop to all of the complaints that had been address[ed] to them." Objections at ¶ (A).

As the report and recommendation discussed, when a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir. 1986). The supervisor must be personally involved in the alleged misconduct. *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir. 1988). Participation in the after-the-fact review of a grievance is not enough to establish personal involvement. *See, e.g., Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation); *see also Elliottt v. Dorian*, Civil Action No. 05-1667, 2007 WL 120031 (W.D. Pa. Jan. 10, 2007) (Conti, J.) (adopting report and recommendation).

Plaintiff has not made any factual allegation from which this court could reasonably infer that any of these Defendants had personal knowledge of or participated in the alleged deprivation of Plaintiff's constitutional rights.

The court further notes that Plaintiff also attempted to assert liability against Defendants Linderman and Oppman based on his allegation that they engaged in some sort of conspiracy "to steal [his] personal property from his inmate account along with other defendants who do not work in inmate account or mail room." Obj. at ¶ (A). In order to demonstrate a conspiracy, "a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of state law.' " *Parkway Garage, Inc. v. City of Philad.*, 5 F.3d 685, 700 (3d Cir. 1993) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)). A complaint alleging a conspiracy must make "factual allegations of combination, agreement, or understanding among all or between any of the defendants [or coconspirators] to plot, plan, or conspire to carry out the alleged chain of events." *Spencer v. Steinman*, 968 F. Supp. 1011, 1020 (E.D. Pa. 1997). In the instant action, Plaintiff has to allege any facts showing an agreement or plan formulated and executed by way of these Defendants to achieve a conspiracy. Absent allegations showing any agreement to deny Plaintiff's rights, Plaintiff's bald allegations of conspiracy are insufficient to state a claim upon which relief can be granted.

Plaintiff requested a copy of the court's local rules. The local rules, however, are available on the Court's website, www.pawd.uscourts.gov, and the Plaintiff is directed to visit that site.

After *de novo* review of the pleadings and documents in this case, together with the

Report and Recommendation, and the objections thereto, the motion to dismiss will be granted in part and denied in part, and an appropriate order will be entered.

BY THE COURT:

Dated: October 24, 2013

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief, United States District Judge

cc: CHARLES WHITNEY
DM 3996
SCI Benner
301 Institution Drive
Bellefonte, PA 16823

Yana L. Chudnovsky
Deputy Attorney General
Email: ychudnovsky@attorneygeneral.gov