# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES WHITNEY, | ) |
| Plaintiff, | ) Civil Action No. 2: 12-cv-01623 |
| v. | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| JOHN E. WETZEL, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is non-party movant Jeffrey D. Turner's Motion for Joinder (ECF No. 59). For the reasons that follow, the Motion is denied.

### Relevant Factual and Procedural Background

Plaintiff, Charles Whitney, is a prisoner in the custody of the Pennsylvania Department of Corrections ("DOC"), currently incarcerated at State Correctional Institution ("SCI")-Benner, in Bellefonte, Pennsylvania. Plaintiff initiated this lawsuit by filing a Complaint on December 7, 2012, in which he alleges various constitutional violations arising out of several separate incidents while in DOC custody at SCI-Fayette. Plaintiff raised the following claims: (i) conditions of confinement claim as a result of being house in the Special Management Unit ("SMU"), as well as being transferred to a "cold cell;" (ii) race discrimination; (iii) retaliation; and (iv) a claim for alleged tampering with his mail.

Defendants' motion to dismiss was granted in part and denied in part, which resulted in a number of Defendants being dismissed based on lack of personal knowledge, as well as the dismissal of Plaintiff's claims under the First Amendment that his privileged mail was improperly opened.

1

Remaining are Plaintiff's First Amendment retaliation claim, his Eighth Amendment conditions of confinement claims, and his Fourteenth Amendment equal protection claim. The parties are currently engaging in discovery, and motions for summary judgment are to be filed on or before May 12, 2014.

**Discussion**

Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (i) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and (ii) there are common questions of law or fact. Joinder under Rule 20 is discretionary and, "[i]n exercising its discretion, the District Court must provide a reasoned analysis that comports with the requirements of the Rule, and that is based on the specific fact pattern presented by the plaintiffs and claims before the court. It is insufficient for a court to rely on general assumptions regarding the circumstances of incarceration." *Hagan v. Rogers*, 570 F.3d 146, 157 (3d Cir. 2009). However, the policy of liberal application of Rule 20 is not a license to join unrelated claims and defendants in one lawsuit. *See, e.g., Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007).

Our court of appeals has stated that a district court's "inherent power to manage its caseload, control its docket, and regulate the conduct of attorneys before it, provides authority to fashion tools that aid the court in getting on with the business of deciding cases." *Eash v. Riggins Trucking, Inc.*, 757 F.2d 557, 567 (3d Cir. 1985). "[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1652 (3d ed. 2009) (citations omitted).

2

In this matter, non-party movant Jeffrey D. Turner, seeks to be joined in this action on the ground that he shares with Plaintiff Whitney "the same legal claim and grievance issues while being housed at SCI-Fayette (SMU)." The Court notes that the motion provides no information as to what facts or claims Movant Turner shares with Plaintiff Whitney. In fact, although Movant Turner states he was housed at SCI-Fayette (SMU), there is no indication that he was incarcerated at SCI-Fayette at the same time as Plaintiff, or experienced the same alleged deprivations. Consequently, the Court declines to permit joinder of Jeffrey D Turner in the instant action. However, the movant is free to pay the appropriate filing fee and file an individual complaint.

So **ORDERED** this 1st day of April, 2014.

                                                    */s Cynthia Reed Eddy*
                                                  Cynthia Reed Eddy
                                                  United States Magistrate Judge

cc:    CHARLES WHITNEY
        DM 3996
        SCI Benner
        301 Institution Drive
        Bellefonte, PA 16823

        JEFFREY D. TURNER
        EG-6080
        SCI Benner
        301 Institution Drive
        Bellefonte, PA 16823

        Yana L. Warshafsky
        Office of the Attorney General
        Email: ywarshafsky@attorneygeneral.gov