IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHARLES WHITNEY, | ) | Civil Action No. 2: 12-cv-01623 |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Chief United States District Judge |
| v. | ) | Joy Flowers Conti |
| | ) | |
| JOHN E. WETZEL, et al., | ) | United States Magistrate Judge |
| | ) | Cynthia Reed Eddy |
| Defendants. | ) | |

## MEMORANDUM OPINION

Conti, C.J.

Before the court is an appeal (ECF No. 72) filed by plaintiff Charles Whitney ("Whitney" or "Plaintiff") requesting review of the magistrate judge's Memorandum and Order dated April 21, 2014 (ECF No. 67) (the "Order"), denying Whitney's Motion to Compel Discovery & Interrogatories. Upon review of the matters raised by the appeal, the court grants Plaintiff's appeal insofar as he will be afforded additional discovery with respect to grievances and complaints complaining that defendants Cpt. T. Berier and Carl E. Walker retaliated against other inmates for filing grievances or agreeing to be a defense witness for a fellow prisoner. The appeal will be denied in all other respects.

**Standard of Review**

The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A); *accord* FED. R. CIV. P. 72(a), (b); Local Civ. R. 72(C)(2); *see Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1113 (3d Cir. 1986).

1

In this case, the Order is nondispositive because it addresses a discovery dispute and "[i]t is well-established that a magistrate judge's ruling concerning discovery is non-dispositive." *V. Mane Fils S.A. v. Int'l Flavors & Fragrances, Inc.*, Civil No. 06-2304, 2011 WL 1344193, at *4 (D.N.J. Apr. 8, 2011). Accordingly, the Order will not be disturbed unless it is found to be clearly erroneous or contrary to law.

A finding is clearly erroneous "'when although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed.'" *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 394-95 (1948)). This standard is difficult and becomes even more difficult when the appeal involves a discovery decision. "There is particularly broad deference given to a magistrate judge's discovery rulings." *Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Grp. Sec., Inc.*, 174 F.R.D. 572, 585 (D.N.J. 1997). A magistrate judge's discovery ruling "is reversible only for abuse of discretion." *Kresefky v. Panasonic Commc'ns & Sys. Co.*, 169 F.R.D. 54, 64 (D.N.J. 1996). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998). The deferential standard is particularly appropriate in the case where the magistrate judge has managed the case from the outset and developed a thorough knowledge of the proceedings. *Id*. at 127.

**Discussion**

Plaintiff argues that the magistrate judge erred when she denied his Motion to Compel Discovery and Interrogatories. Specifically, Plaintiff objects to the magistrate judge's ruling in the following five respects: (i) the finding that policy 6.5.1 is a privileged and confidential document;

2

(ii) the court "lost" his motion for partial summary judgment; (iii) the rejection of Plaintiff's allegation that defendant Varner is tampering with and destroying his legal mail; (iv) the fact that the magistrate judge did not specifically address Plaintiff's request for "e-mails of all the grievances he had filed;" and (v) the issuance by the magistrate judge of an amended case management order. (*See* Plaintiff's Appeal, ECF No. 72.)

As an initial matter, the court notes that Whitney made serious accusations against the magistrate judge. For example, he states that "[t]he court seems to . . . call plaintiff a liar by the use of the word 'sprawling'"; the court "makes the false claim that the plaintiff has no problem with litigating his claims"; "[t]o the plaintiff it looks as if the courts [sic] is fighting this civil action and not the defendants"; and "[t]he plaintiff believe [sic] that the courts do not want the plaintiff to have the evidence he needs to win this civil action [sic] the plaintiff can win by a land slide if he is provided with the evidence he has requested in discovery." (ECF No. 72 at 1, 2.) These are grave accusations which the court considers a serious matter. The court finds that Whitney's accusations are unwarranted and baseless. Like most litigants, Whitney no doubt feels strongly that he should prevail. He is entitled to argue vigorously on his own behalf, and to point out errors he believes the court has made, but he is not to make scandalous, baseless accusations against the court in his filings. Turning to the merits of Plaintiff's requests, the court finds that the decision of the magistrate judge to deny Whitney's request for a copy of policy 6.5.1 & DC-ADM 6.5.1 was proper because this document is a privileged and confidential document that "addresses the administration of Security Level 5 Housing Units." *Huertas v. Beard*, Civil No. 10-10, 2012 WL 3096430, at *3 (W.D. Pa. July 30, 2012). In *Huertas*, the court referenced a declaration submitted by the defendants in which the declarant, an intelligence captain, opined that the disclosure of that material posed a security risk to the institution. *Id*. As the magistrate judge noted in this case, relying upon *Huertas*, defendants have

legitimate security concerns about the release of this document, which concerns outweigh Plaintiff's need, if any, for the document. The court finds that the magistrate judge's decision to deny this request was neither clearly erroneous nor contrary to law.

Second, according to Plaintiff, he submitted a motion for partial summary judgment, with supporting documentation, to the court on January 3, 2014, and, received a note from the Clerk's office informing him that his filing had been resized as it was on 8.5″ x 14″ paper. Assuming the veracity of Plaintiff's arguments, it appears that the Clerk's office may have lost Plaintiff's documents because those documents were not filed and docketed. Plaintiff, however, was not prejudiced by this error as the magistrate judge extended the deadline for filing summary judgment motions to allow Plaintiff time to refile his motion. The docket reflects that, on May 15, 2014, Plaintiff refiled his motion for partial summary judgment accompanied by a brief in support (ECF Nos. 77 and 78).

Third, the court finds that the magistrate judge properly denied Plaintiff's claims that Dorina Varner destroyed his motion for partial summary judgment and is tampering with and even destroying his legal mail. Those allegations are without any support and are somewhat contradictory given that Plaintiff also alleges that it was the court that lost his motion for partial summary judgment.

Fourth, Plaintiff submitted to defendants approximately ten separate requests for email and other grievance-related documents. *See* Pl.'s Request for Documents Nos. 6, 7, 8, 9, 10, 11,14, 15, 21, and 24 (ECF No. 53-1). The magistrate judge did not rule separately on each of these requests, but accepted defendants' representation that they had provided Plaintiff with his own grievance history and copies of his relevant grievances. Defendants stated that they had produced all responsive documentation that could be located. (*See* ECF Nos. 46, 54, and 61.) The magistrate

judge found that, subject to defendants' duty to supplement should more information or documents be made available, defendants' responses were satisfactory. (ECF No. 67, at 4.)

In his appeal, although not crystal clear, it appears that Plaintiff's objection is directed to the magistrate judge's failure to grant in full Plaintiff's request for production No. 7, *to wit*: "any and all grievances or complaints filed against defendants Cpt. T. Berier, Carl E. Walker. This should include those file [sic] by the plaintiff as well from the time frame of 5/6/2011 to 5/17/2012 which allege retaliation." (ECF No. 53-1, at 1.) Defendants objected as follows:

> This request is Objected to as seeking information that is over broad and unduly burdensome (as records are not kept in a manner to easily obtain this information), irrelevant and not likely to lead to the discovery of admissible information, and privileged and confidential (relating to other inmates). Without waiver of this objection, see grievance history of the plaintiff and grievances already provided.

(ECF No. 54-1, ¶ 7.) Defendants did not submit any support for their assertion that those requested documents are privileged or confidential. In his brief in support of his motion to compel, Plaintiff contended that he had "asked and requested 'e-mail, memos' of grievances. The grievances nor [sic] e-mail are not confidential because grievances was gave to plaintiff by inmates who filed them." (Pl.'s Br. 4, ECF No. 58.) The magistrate judge granted the request only to the extent any such documents pertained specifically to Whitney.

The court finds that the magistrate judge's determination was too narrow and that the information requested in Request for Production No. 7 is relevant to Plaintiff's claims. Therefore, Plaintiff will be entitled to discover any and all grievances or complaints filed against defendants Cpt. T. Berier and Carl E. Walker, to the extent such grievances or complaints specifically allege the essence of Plaintiff's claims of retaliation against prisoners who utilize the grievance system or prisoners who have agreed to be a defense witness for a fellow prisoner.

With respect to the objection related to the amended case management order, the court has

the inherent power to control its own docket and the amended case management order was entered to do just that. Once it came to the court's attention that Plaintiff was sending defendants discovery in a piecemeal fashion, the court entered an amended case management order so that discovery could be conducted in an orderly fashion. Plaintiff must adhere to the schedules established by the court, even if the schedules differ from what is outlined in various handbooks upon which Plaintiff relies. If Plaintiff needs discovery in a manner not contemplated by the case management order, he may request the court to amend the order.

For the reasons stated above, the court grants Plaintiff's appeal insofar as he will be afforded additional discovery with respect to grievances and complaints complaining that defendants Cpt. T. Berier and Carl E. Walker retaliated against other inmates for filing grievances or agreeing to be a defense witness for a fellow prisoner. On or before **December 1, 2014**, defendants shall serve a supplemental answer to Request for Production No. 7 and shall provide Plaintiff the opportunity to review any such documents. In all other respects, Plaintiff's appeal will be denied. An appropriate order will be entered.

Dated: October 31, 2014         /s/ Joy Flowers Conti
                                                       Chief United States District Judge

cc:    CHARLES WHITNEY
       DM 3996
       SCI Benner
       301 Institution Drive
       Bellefonte, PA 16823

       Yana L. Warshafsky
       Office of the Attorney General
       Email: ywarshafsky@attorneygeneral.gov