# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES WHITNEY, | ) |
|     Plaintiff, | ) |
| v. | ) Civil Action No. 12-cv-01623 |
| JOHN E. WETZEL, et al., | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION and ORDER

**CONTI, Chief District Judge**

      Before the court is an appeal (ECF No. 91) filed by Plaintiff Charles Whitney ("Whitney" or "Plaintiff") requesting review of the magistrate judge's Memorandum Order dated October 31, 2014 (ECF No. 88) (the "Order"), denying Whitney's motion for entry of default. Upon review of the matters raised by the appeal, the court concludes that the order appealed from is neither clearly erroneous nor an abuse of discretion.

      The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo" for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), and (ii) "clearly erroneous or contrary to law" for magistrate resolution of nondispositive matters. 28 U.S.C. § 636(b)(1)(A). A*ccord* FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2); see Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1113 (3d Cir. 1986).

      In this case, the magistrate judge's October 31, 2014, Order is nondispositive and will not be disturbed unless it is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence

is left with the definite and firm conviction that a mistake has been committed." <u>Anderson v. City of Bessemer</u>, 470 U.S. 564, 573 (1985) (citing <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364 (1948)).

Plaintiff argues that the magistrate judge erred when she denied his motion for default because he "named [defendants Clark and Verner] inside of the civil complaint" and "added the two defendants Dorina Verner and c/o l Clark to the list of defendants" when Plaintiff sent copies of the civil complaint to all defendants. (ECF No. 91 at 1.) As the magistrate judge correctly noted, however, Federal Rule of Civil Procedure 10(a) and Local Rule of Civil Procedure 10 require that each defendant be named in the title or caption of the complaint. (ECF No. 88 at 1.) A review of the record reflects that neither "Dorina Verner" nor "c/o l Clark" are named as defendants in this manner. (ECF No. 7 at 1, 2.) Plaintiff's contention that he referred to these individuals within the body of the complaint, and added them to an unspecified "list of defendants" cannot cure this defect. The magistrate judge's decision to deny Plaintiff's motion for default was not clearly erroneous or contrary to law under the circumstances.

If "c/o l Clark" is not the Lt. Clark who has appeared and responded to Plaintiff's complaint, (ECF Nos. 26, 29, 42, and 73), and with respect to "Dorina Verner" in any event, Plaintiff must seek leave to amend the caption of his previously-filed complaint, or to file an amended complaint. Should the magistrate judge grant Plaintiff leave to do so, following the filing of the appropriate amended documents, Plaintiff would need to complete the required service forms as directed by the magistrate judge in order to effectuate service on any newly named defendant.

For the reasons stated above, the court finds that Whitney did not show that the magistrate judge's ruling was clearly erroneous or contrary to law.

Accordingly, this 4th day of December, 2014, **IT IS HEREBY ORDERED** that Plaintiff's appeal (ECF No. 91) is **DENIED**.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

cc: All counsel of record via CM/ECF notification system

CHARLES WHITNEY
DM 3996
SCI Benner
301 Institution Drive
Bellefonte, PA 16823