IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| CHARLES WHITNEY, | ) Civil Action No. 2: 12-cv-01623 |
| --- | --- |
| Plaintiff, | ) |
| | ) Chief United States District Judge |
| v. | ) Joy Flowers Conti |
| | ) |
| JOHN E. WETZEL, *et al.*, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Conti, C.J.

This prisoner civil rights suit was commenced on November 6, 2012, with the filing of a petition to proceed *in forma pauperis* and was referred to a United States Magistrate Judge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The magistrate judge's report and recommendation, dated July 6, 2015 (ECF No. 102), recommended that defendants' motion for summary judgment (ECF No. 73) be granted and plaintiff's motion for partial summary judgment (ECF No. 77) be denied. A copy of the report and recommendation was sent to plaintiff Charles Whitney ("Plaintiff") by First Class United States Mail at his listed address. Plaintiff timely filed objections to the report and recommendation (ECF No. 103).[1] The matter is now ripe for disposition. For the reasons set forth below, the report and recommendation will be adopted, as supplemented, and defendants' motion for summary judgment will be granted and plaintiff's motion for partial summary judgment will be denied.

---

[1] Two of plaintiff's "objections" are more in the form of an appeal of a magistrate judge decision and will be deemed as such.

1

When objections to a report and recommendation have been filed, under 28 U.S.C. § 636(b)(1), the court must make a *de novo* determination of those portions of the report to which objections are made. *See Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed.R.Civ.P. 72(b)(3). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Plaintiff has raised a number of objections to the magistrate judge's report and recommendation and the court will examine each objection in turn.

First, Plaintiff states that the court failed to "view that Plaintiff also raised claims of being forced to breath[e] in dealy (sic) cigarette smoke as a claim of cruel and unusual punishment . . . ." In his complaint and in his motion for partial summary judgment, Plaintiff asserted that he was forced to breathe in "deadly second hand cigarette smoke." Complaint at ¶¶ 16 - 24. Plaintiff contended that "second hand smoke was in the air from 5/6/2011 – 5/17/2012." *See* Pl's Br. in Supp. of Mot. for Summ. J. (ECF No. 78, at 8).

Defendants did not specifically address Plaintiff's claims of exposure to cigarette smoke in their brief in support of motion for summary judgment or in their brief in opposition to plaintiff's motion for partial summary judgment and the magistrate judge, likewise, did not address this aspect of the conditions of confinement claim in the report and recommendation. However, defendants did include the administrative record for Grievance #380678 in their Appendix, in which Plaintiff complained that he was "getting the foul smell of cigarette smoke into my cell," ECF No. 76-9, and additionally addressed the issue in their Concise Statement of Material Facts, ¶¶ 12, 19 – 23. ECF No. 75.

The summary judgment record reflects that Grievance #380678 was denied and deemed frivolous as Plaintiff could "offer no proof to substantiate his claims and the fact that this

2

grievance has no basis of arguable facts." ECF No. 76-9 at 6. The documentation defendants submitted in support of their motion for summary judgment reflected that there was an absence of evidence supporting plaintiff's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). Plaintiff needed to "present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue." *Garcia v. Kimmell*, 381 F. App'x 211, 213 (3d Cir. 2010) (quoting *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005)). Accordingly, the court finds, after a *de novo* review, that summary judgment also should be granted to defendants on plaintiff's condition of confinement claim with regard to his alleged exposure to second hand smoke.

Second, Plaintiff states that the court "failed to see that the defendant admit that the Plaintiff was send to the SMU – RHU for misconduct report that he was gave four days after he filed grievance." The court finds this objection to be without merit. The magistrate judge recognized that Plaintiff had engaged in protected activity; however, the issue was whether such protected activity was a substantial motivating factor in the decision to place Plaintiff in SMU. The magistrate judge found that the summary judgment record demonstrated that Plaintiff was placed in the SMU for legitimate penological interests.

Third, Plaintiff objects that the magistrate judge's report and recommendation stated that his conspiracy claim was not a separate claim. However, the court notes that the report and recommendation stated that "assuming *arguendo* that a conspiracy claim had been included in the Complaint," there is no evidence in the summary judgment record from which a reasonable fact finder could find any of the actions of the SCI-Fayette prison officials were taken as a result of any conspiracy with the SCI-Smithfield prison officials. Because the magistrate judge did in fact address Plaintiff's conspiracy claim, this objection is overruled.

Fourth, Plaintiff makes an overarching objection to the magistrate judge's statement that no genuine issues of material fact are in dispute. As the report and recommendation reflected, the issues in this case were fully analyzed by the magistrate judge and now also have been analyzed by this court *de novo*. The court agrees with the magistrate judge and finds that no genuine issues of material fact exist which would preclude the entry of summary judgment for Defendants. Plaintiff's objection is, therefore, denied.

Fifth, Plaintiff claims that the magistrate judge erred by not addressing his state law claims, i.e., theft of property (money stolen from his account) and theft of his mail. The magistrate judge, and defendants, did not construe the complaint as raising separate claims for theft of property. However, assuming *arguendo* that the complaint does in fact raise such claims, the court must decide whether it will exercise supplemental jurisdiction given that summary judgment has been granted on all the federal claims in this case.

Although this court has the power to hear pendent state claims following dismissal of federal claims, the court also has the discretion to refuse to hear the state claims. Pendent jurisdiction is a doctrine of "discretion, not of plaintiff's right." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). The supplemental jurisdiction statute specifically provides that:

> (c) The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if:
> . . .
> (e) the district court has dismissed all claims over which it has original jurisdiction.

28 U.S.C. § 1367. Because summary judgment has been granted on all federal claims over which it has jurisdiction in this case, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims. This court expresses no opinion whether there is a genuine issue of

4

material fact with respect to the counts contained in the complaint that arise under Pennsylvania law.

Plaintiff also raised two issues which are more akin to an appeal than objections. The court now turns its attention to those two issues.

First, Plaintiff argues that the court abused its discretion by not appointing him counsel "when the courts was aware that the plaintiff was and is mentally handicap in the areas of readying (sic) and writing as well as math . . . ." On three separate occasions, Plaintiff requested the appointment of counsel. *See* ECF Nos. 8, 47, and 84. All three motions were denied without prejudice and Plaintiff was informed that should the case survive any dispositive motions and appear ready to proceed to trial, the court would reconsider the request. *See* ECF Nos. 9 and 84, and Text Order of 11/03/2014. Plaintiff was also specifically advised on December 11, 2012, and January 3, 2014, that failure to appeal the magistrate judge's order denying his request for counsel would constitute waiver of the right to appeal. *See* ECF Nos. 9 and 47. Despite this advisement, no appeal of these orders was ever filed to this court. Notwithstanding Plaintiff's failure to appeal the magistrate judge's orders, the court has examined the *Tabron*[2] factors and finds that the decision of the magistrate judge to deny Plaintiff's request for appointment of counsel was neither clearly erroneous nor contrary to law. Plaintiff's submissions throughout this litigation have been well-written and demonstrate that he is capable of understanding and discussing legal issues. The appointment of counsel was not warranted.

Second, Plaintiff states that the court was "wrong in its discovery decision . . . ." ECF No. 103 at 2. Plaintiff filed an appeal (ECF No. 72) to this court of the magistrate judge's ruling on his motion to compel (ECF No. 67). By Memorandum Opinion and Order (ECF Nos. 89 and

---

[2]     *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994).

90), the court granted in part and denied in part the appeal. Plaintiff did not make any allegation which warrants the reexamination of the court's prior ruling.

After *de novo* review of the pleadings and documents in this case, together with the Report and Recommendation, and the objections thereto, defendants' motion for summary judgment will be granted and plaintiff's motion for partial summary judgment will be denied. An appropriate order will be entered.


Dated: August 12, 2015                                      BY THE COURT:

                                                                         /s/ Joy Flowers Conti
                                                                         Joy Flowers Conti
                                                                         Chief, United States District Judge

cc:     CHARLES WHITNEY
       DM 3996
       SCI Benner
       301 Institution Drive
       Bellefonte, PA 16823
       (via United States First Class Mail)

       Yana L. Warshafsky
       Office of the Attorney General
       (via ECF electronic notification)